IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

**NORTH AMERICAN SAVINGS BANK, F.S.B.**            **PLAINTIFF**

**v.**            **CIVIL ACTION NO. 3:21-CV-00184-GHD-RP**

**PATRICK NELSON and**
**BRIAN NELSON**            **DEFENDANTS**

\*\*\*

**BRIAN NELSON**            **CROSS CLAIMANT**

**v.**

**PATRICK NELSON**            **CROSS DEFENDANT**

## ORDER GRANTING
## PLAINTIFF'S MOTION TO STRIKE DEFENDANTS' DEMAND FOR JURY TRIAL

Presently before the Court is the Motion to Strike Defendants' Demand for Jury Trial [19], filed by Plaintiff North American Savings Bank ("NASB") along with its accompanying Memorandum in Support [20]. This matter arises out of the Plaintiff's Complaint for Declaratory Judgment and Breach of Guaranty [1]. For the reasons stated herein, the Plaintiff's Motion to Strike Defendants' Demand for Jury Trial is granted.

### I. Factual and Procedural Background

The Plaintiff is a Missouri federal savings bank with its principal place of business in Kansas City, Missouri [1 at ¶ 1]. The Defendants are residents of the State of California [1 at ¶¶ 2-4; 8 at ¶¶ 2-4; 13 at ¶¶ 2-4]. Venue is proper in this District because the Real Property at the heart of this dispute is located in Oxford, Mississippi [1 at ¶ 6; 8 at ¶ 6; 13 at ¶ 6]. This property is known as Taylor Bend Apartments ("the Real Property") [*Id.*].

1

On January 16, 2015, Defendant Patrick Nelson, acting as an authorized signatory for NB Taylor Bend DST (herein "Taylor Bend" or "the Borrower"), executed a Promissory Note ("the Note") [1-2] and Loan Agreement ("the Loan") [1-3] for the benefit of Prudential Mortgage Capital Company, LLC ("Prudential" or "the Lender") in the amount of $13,000,000.00 [1 at ¶ 10]. To secure the Loan and satisfy the obligations of the Note, Defendant Patrick Nelson—again acting as an authorized signatory for the Borrower—executed a Deed of Trust, Assignment of Leases and Rents, and Security Agreement in favor of the Lender securing Taylor Bend Apartments [1 at ¶ 11; 1-2]. The Loan Agreement, Note, Deed of Trust, Assignment of Leases and Rents, and Security Agreement are collectively referenced as "the Loan Documents" [1 at ¶ 11]. Simultaneous to the execution of the Loan Documents, the Defendants signed and executed an Indemnity and Guaranty Agreement ("the Guaranty") for the benefit of the Lender and its successors and assigns [1 at ¶ 12]; 1-1].

The Lender then assigned its rights, title, and interests in the Real Property and Loan Documents to Liberty Island Group I, LLC ("Liberty") through an Assignment of Deed of Trust, Assignment of Leases and Rents, and Security Agreement and an Omnibus Agreement (collectively referenced as "the First Assignment") [1 at ¶ 13; 1-4].

Liberty subsequently assigned its rights, title, and interests in the Real Property and Loan Documents to NASB—the Plaintiff in the case *sub judice*—through an Assignment of Deed of Trust, Assignment of Leases and Rents, Security Agreement, and General Assignment and Assumption (collectively referenced as "the Second Assignment") [1 at ¶ 14; 1-5].

On June 25, 2021, the Loan was declared to be in default and accelerated, making all sums due and owed as of that date [1 at ¶ 15; 1-6]. On August 4, 2021, the Borrower—originally known as NB Taylor Bend DST and at that date known as NB Taylor Bend 2, LLC—filed for Chapter 11

bankruptcy protection in the United States Bankruptcy Court for the Northern District of Mississippi ("the Bankruptcy Action"). See Case No. 21-11468.

Under the terms of the Loan Agreement as included in the "Full Recourse Liabilities" section of the document, in the event of the Borrower's bankruptcy, "the loan shall be fully recourse to Borrower" [1 at ¶ 17; 1-2 at 93-94]. Similarly, under the terms of the Guaranty, the Guarantors—identified as the Defendants—"hereby assume liability for, hereby absolutely and unconditionally guarantee payment to Lender of, hereby agree to pay, protect, defend and save Lender harmless from and against and hereby indemnify Lender from and against the Full Recourse Liabilities (as defined in the Loan Agreement)" [1 at ¶ 18; 1-1 at 2].

The Plaintiff argues in its Complaint that "[u]nder the terms of the Loan Agreement and Guaranty, with the filing of the Bankruptcy Action, the Loan is now fully recourse" to the Defendants [1 at ¶ 20]. As such, the Plaintiff argues that the Defendants owe the Plaintiff in the amount of $12,519,746.73, as of August 4, 2021 [1 at ¶ 21]. In their Complaint, the Plaintiff "seeks a declaratory judgment outlining the rights and obligations of the parties pursuant to the terms of the Guaranty and Indemnity Agreement" [1 at 5]. It is likewise seeking a judgment against the Defendants "for their breach of Guaranty in the amount of $12,519,746.73, plus pre-judgment interest and post-judgment interest at the contract rate, late fees, attorney fees, and any other incidental or consequential damages to which the Plaintiff may be entitled" [1 at 5].

In his Answer and Defenses, Defendant Patrick Nelson has demanded a jury trial [8 at 1]. Defendant Brian Nelson did the same in his Answer, Affirmative Defenses and Cross Claim Against Patrick Nelson [13 at 1, 8].

In the Motion *sub judice*, the Plaintiff requests that this Court strike the Defendants' demands for a jury trial, arguing that this is warranted in light of the jury trial waiver included in

3

the Guaranty [19]. Subsection (q)(2) of Section 5 ("General Provisions") in the Guaranty states in capital letters and a bolded font as follows in full:

> **LENDER AND GUARANTORS, TO THE FULL EXTENT PERMITTED BY LAW, HEREBY KNOWINGLY, INTENTIONALLY AND VOLUNTARILY, WITH AND UPON THE ADVICE OF COMPETENT COUNSEL, WAIVE, RELINQUISH AND FOREVER FORGO THE RIGHT TO A TRIAL BY JURY IN ANY ACTION OR PROCEEDING BASED UPON, ARISING OUT OF, OR IN ANY WAY RELATING TO THIS AGREEMENT OR ANY CONDUCT, ACT OR OMISSION OF LENDER OR GUARANTORS, OR ANY OF THEIR DIRECTORS, OFFICERS, PARTNERS, MEMBERS, EMPLOYEES, AGENTS OR ATTORNEYS, OR ANY OTHER PERSONS AFFILIATED WITH LENDER OR GUARANTORS, IN EACH OF THE FOREGOING CASES, WHETHER SOUNDING IN CONTRACT, TORT OR OTHERWISE.**

[1-1 at 10-11].

Similar language, in capital letters, can also be found in the Note [1-2 at 3], the Deed of Trust, Assignment of Leases and Rents and Security Agreement [*Id.* at 28], and the Loan Agreement [1-3 at 100].

On December 3, 2021, Defendant Patrick Nelson filed a Motion for Additional Time Within Which to Respond to the Plaintiff's Motion to Strike Defendants' Demand for Jury Trial [33]. In said Motion, the Defendant noted that his attorney at the time, Craig M. Geno, had filed an Amended Motion to Withdraw as Counsel [25] and that the Defendant needed additional time to arrange for alternate counsel [33 at ¶ 2]. He sought an additional 21 days to respond to the Plaintiff's Motion to Strike [*Id.* at ¶ 3]. The Court granted the Defendant's Motion for Additional Time, and ordered that the Defendants were granted an extension of time up to and including January 24, 2022, in which to file any response to the Plaintiff's Motion to Strike Defendants' Demand for Jury Trial [35]. The Defendants have since failed to file any such response.

4

## II. Conclusion and Order

The Defendants have failed to file any response to the Plaintiff's Motion to Strike the Defendants' Demand for Jury Trial, despite the allowance of additional time afforded them by this Court. Additionally, there is clear and unambiguous language regarding the parties' waiver of the right to a jury trial in the Guaranty and all other documents relevant to this issue in this proceeding. In light of these facts, the Court hereby ORDERS:

(1) that the Plaintiff's Motion to Strike the Defendants' Demand for Jury Trial (19) is granted;

(2) the Defendants' demands for a jury trial shall be struck; and

(3) this matter shall be placed on the Court's non-jury docket.

SO ORDERED, this the 22nd day of February, 2022.

_____
SENIOR U.S. DISTRICT JUDGE