IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

NORTH AMERICAN SAVINGS BANK, F.S.B.,
 *Plaintiff,*

v.

PATRICK NELSON AND BRIAN NELSON,
 *Defendants.*

Case No. 3:21cv184-GHD-RP

BRIAN NELSON,
 *Cross-Complainant,*

v.

PATRICK NELSON,
 *Cross-Defendant.*

## MEMORANDUM OPINION

Presently before the Court is the Plaintiff North American Savings Bank's motion for partial summary judgment as to liability on the Plaintiff's claim for breach of guaranty [75] and the Defendant/Cross-Complainant Brian Nelson's motion for partial summary judgment as to his claims against the Defendant/Cross-Defendant Patrick Nelson for contractual indemnity and reimbursement, equitable indemnity and contribution, and as to his claim seeking a declaratory judgment related to his rights under a Guaranty and an Indemnity Agreement [73]. Upon due consideration and as described herein, the Court finds that both the Plaintiff's motion and the Defendant/Cross-Complainant's motion should be granted.

## *I.     Factual and Procedural Background*

On January 16, 2015, the non-party NB Taylor Bend DST, which was a real estate entity, executed a Promissory Note and Loan Agreement for the benefit of non-party Prudential Mortgage Capital Company ("Prudential") in the amount of $13,000,000 [Doc. 1, at p. 2; Docs. 75-2, 75-3]. The Defendant Patrick Nelson, who was an authorized signatory, signed the documents on behalf of NB Taylor Bend DST. To secure the loan, NB Taylor Bend DST executed a Deed of Trust, Assignment of Leases and Rents, and Security Agreement in favor of Prudential; the subject real property is 7.362 acres in Lafayette County, Mississippi, and is known as Taylor Bend Apartments [75-2]. Simultaneously, the Defendants, who are brothers, executed an Indemnity and Guaranty Agreement for the benefit of Prudential and its successors and assigns [75-1]. Likewise on that same day, Prudential assigned its rights to non-party Liberty Island Group, LLC [75-4]. Liberty then, on September 15, 2016, assigned its rights to the Plaintiff North American Savings Bank ("NASB") [75-5].

On May 4, 2021, NASB declared the subject loan to be in default [75-6]. On June 25, 2021, NASB again declared the subject loan to be in default and it accelerated the debt, thereby making all owed sums due immediately [75-6]. NB Taylor Bend DST then, on August 3, 2021, converted to an LLC, named NB Taylor Bend 2, LLC ("Taylor Bend 2") [75-7]. Taylor Bend 2 filed for Chapter 11 bankruptcy protection in the U.S. Bankruptcy Court for the Northern District of Mississippi on August 4, 2021 (Case No. 21-11468) [75-8]. The Plaintiff NASB then, on August 10, 2021, made a demand for payment to the Defendants as guarantors of the loan [75-9]. The Plaintiff avers that no payment from the Defendants has been received to date [1, at p.5].

The Plaintiff filed its Complaint in this matter on August 18, 2021 [1]. The Bankruptcy Court subsequently lifted the automatic stay on September 2, 2021, and the bankruptcy trustee

abandoned the subject property [75-10]. The Plaintiff then initiated foreclosure proceedings on the subject property and, on October 6, 2021, conducted a foreclosure sale [75-11]. The non-party Nor-Am Service Corporation purchased the property at the foreclosure sale for $8,000,000 [75-11]. The Plaintiff has now filed the pending motion for partial summary judgment as to liability on the Plaintiff's claim for breach of guaranty. The Defendants oppose the motion.

## II. *Summary Judgment Standard*

The Court grants summary judgment as to one of more claims "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law" as to the subject claim(s). FED. R. CIV. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Weaver v. CCA Indus., Inc.*, 529 F.3d 335, 339 (5th Cir. 2008). The rule "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a sufficient showing to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp.*, 477 U.S. at 322.

The party moving for summary judgment bears the initial responsibility of informing the Court of the basis for its motion and identifying those portions of the record it believes demonstrate the absence of a genuine dispute of material fact. *Id.* at 323. Under Rule 56(a), the burden then shifts to the nonmovant to "go beyond the pleadings and by . . . affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Id.* at 324; *Littlefield v. Forney Indep. Sch. Dist.*, 268 F.3d 275, 282 (5th Cir. 2001); *Willis v. Roche Biomedical Labs., Inc.*, 61 F.3d 313, 315 (5th Cir. 1995). When the parties dispute the facts, the Court must view the facts and draw reasonable inferences in the light most favorable to the non-moving party. *Scott v. Harris*, 550 U.S. 372, 378 (2007) (internal

citations omitted). "However, a nonmovant may not overcome the summary judgment standard with conclusional allegations, unsupported assertions, or presentation of only a scintilla of evidence." *McClure v. Boles*, 490 F. App'x 666, 667 (5th Cir. 2012) (per curiam) (citing *Hathaway v. Bazany*, 507 F.3d 312, 319 (5th Cir. 2007)).

### *III. Analysis and Discussion*[1]

*A. The Plaintiff's Motion for Partial Summary Judgment on its Breach of Guaranty Claim*

The Plaintiff argues that summary judgment in its favor is warranted because, under the terms of the Guaranty Agreement [75-1], the Defendants have breached the guaranty and thus owe to the Plaintiff the amount remaining due on the subject loan.

To establish a claim for breach of guaranty under Mississippi law, a plaintiff must prove:

(1) the existence of a guaranty obligating the guarantor to pay the subject debt:

(2) a default on the part of the borrower; and

(3) a failure to pay the underlying debt.

*Brown v. Hederman Bros., LLC*, 207 So. 3d 698, 704 (Miss. Ct. App. 2016).

In the case *sub judice*, the Plaintiff has demonstrated that the Defendants executed a Loan Agreement and a Guaranty Agreement [75-1, 75-2, 75-3] that obligates the Defendants to pay the remainder of the subject debt. The Plaintiff has also demonstrated that a default occurred [75-6] which, under the terms of the parties' Agreement, allowed the acceleration of the debt, making the full remaining balance due and payable immediately. Finally, the Plaintiff has demonstrated that the Defendants have failed to pay the remaining underlying debt. While the subject property has

---

[1] The Court notes that in this diversity action, the *Erie* doctrine applies and thus the determination whether the Defendant's motion is meritorious is guided by Mississippi state law. *Erie R. Co. v. Tompkins*, 304 U.S. 64, 78-80 (1938); *Centennial Ins. Co. v. Ryder Truck Rental, Inc.*, 149 F.3d 378, 382 (5th Cir. 1998). In addition, the subject Guaranty Agreement itself includes a choice of law provision wherein the parties agreed to that the law of the state where the property is located, Mississippi, governs in this matter [75-1, at p. 8].

been sold to a third-party, and the remaining balance on the debt thereby reduced, the entirety of the debt has not been paid. Accordingly, the Court finds that the Plaintiff has established its claim for breach of guaranty.

The Defendants make several arguments, none of which are meritorious, in opposition to the Plaintiff's motion. First, the Defendants argue that California law, and not Mississippi law, should apply. This argument ignores both the choice of law provision in the Guaranty Agreement [75-1, at p. 8] agreed to by the parties, as well as Sections 228-230 of the Restatement (Second) of Conflict of Laws, which states that legal issues related to loans secured by real property are normally determined based on the law of the state where the real property is located. In any event, it is axiomatic that the parties to a dispute "may legitimately control the choice of substantive law in a contract dispute as long as the state law selected bears a reasonable relation to the transaction." *U.S. Bancorp Equip. Fin., Inc. v. Moak*, No. 3:05-cv-779, 2008 WL 2902341, at *2 (S.D. Miss. July 28, 2008); *Auto Parts Mfg. Miss. v. King Constr. of Houston, LLC*, 74 F. Supp. 3d 744, 756 n.11 (N.D. Miss. 2014). The parties here have done exactly that – they contractually agreed that Mississippi law governs in this matter. Accordingly, the Court applies Mississippi law in this matter, and the defenses available to the Defendants under California law, but not Mississippi law, do not apply.

The Defendants next argue that various alleged ambiguities in the subject agreements render the Plaintiff's motion without merit. The Court finds, however, that the purported ambiguities simply do not exist. First, the Defendants argue that it is not clear that the Guaranty was assigned to the Plaintiff. The Court finds, however, as noted above, that the Guaranty was freely assignable by its own terms and that the Guaranty was properly assigned to the Plaintiff – the subject documents are clear and unmistakable. The Guaranty Agreement [75-1, at p. 8] states

that it "inure[s] to the benefit of Lender and . . . [its] respective heirs, successors and assigns;" likewise, the Assignment documents make clear that Prudential assigned all of its rights and interests to Liberty Island Group [Doc. 75-4, at p. 1] and that Liberty Island Group in turn assigned all of its rights and interests to the Plaintiff [Doc. 75-5, at p. 1]. Moreover, the Guaranty Agreement makes clear that the subject loan has become fully recourse and that the Defendants, as Guarantors, are now liable for all the remaining indebtedness [Doc. 75-1, at p. 2].

The Defendants' remaining arguments likewise are without merit. Clearly, consideration for the Guaranty Agreement exists in the form of the extending of the subject loan; under Mississippi law, the borrower's default is the only prescribed condition that must exist before the Plaintiff is entitled to file suit to recover the loan amount; and the equitable defenses raised by the Defendants are unavailable given the borrower's absence from this litigation. *Brown*, 207 So. 2d at 703-704.

Accordingly, the Court finds that (1) Mississippi law applies in this matter; (2) the Plaintiff was assigned all subject rights related to the loan; (3) the loan is fully recourse to the Defendants; (4) the Defendants' asserted defenses are without merit; (5) no genuine issue of material fact remains regarding the Plaintiff's claim for breach of guaranty; and (6) the Plaintiff is entitled to judgment as a matter of law as to liability on its claim for breach of guaranty. Further, the Court grants the Plaintiff's request to conduct a hearing on damages, relative to which the parties may submit additional evidence regarding the amount of damages the Plaintiff is owed by the Defendants.

### B. *The Cross-Complainant Brian Nelson's Motion for Partial Summary Judgment Against Patrick Nelson*

The Defendant/Cross-Complainant Brian Nelson has filed a motion for partial summary judgment as to his claims against the Defendant/Cross-Defendant Patrick Nelson for contractual

indemnity and reimbursement, equitable indemnity and contribution, and as to his claim seeking a declaratory judgment related to his rights under a Guaranty and an Indemnity Agreement. In addition, Brian Nelson seeks judgment in his favor against Patrick Nelson in an amount of at least $89,687.95 for attorneys' fees and costs incurred in this matter through July 25, 2022, plus his attorneys' fees incurred after July 25, 2022, plus interest at the rate of 10% per annum from August 18, 2021, through July 25, 2022, in the amount of $8,379.07, and indemnity in the same amount of any judgment entered against the Defendants in favor of the Plaintiff in this matter.

At the heart of the Cross-Complaint and the instant motion is a Hold Harmless and Indemnity Agreement [77-1] executed between Patrick Nelson and Brian Nelson, who are brothers and former business partners. The Defendants, who are both engaged in the real estate business, underwent a separation of their business interests in 2018. As a result of the splitting of their business between them, each agreed to indemnify the other in connection with the various projects and properties that were assigned to each respective brother. Although the brothers had both personally jointly guaranteed various loan obligations, with the split of their business interests, each individual property, and therefore the loan associated with that property, was assigned to and managed by one or the other brother. Given this development, and in order to protect the "non-breaching" brother from a loan obligation that had been assigned to the other brother, the two entered into the Hold Harmless and Indemnity Agreement noted above [Doc. 77-1].

As part of the brothers' split of their business interests, the subject property in this litigation, Taylor Bend, was assigned to Patrick Nelson [Doc. 77-2, at pp. 10-11]. Given the default of the loan associated with Taylor Bend, Brian Nelson now seeks indemnity in this matter from Patrick Nelson. The parties agree that California law applies to this particular issue in this dispute.

7

Under California law, express contractual indemnity is appropriate when the claiming party has shown:

(1) the parties' contractual relationship;

(2) facts showing a loss within the meaning of the parties' indemnification agreement;

(3) the indemnitee's performance of that portion of the contract that gives rise to the indemnification claim;

(4) the amount of damages sustained.

*Four Star Elec., Inc. v. F & H Constr.*, 7 Cal.App.4th 1375, 1380 (1992). As noted below, the Court finds that Brian Nelson has met the elements to establish his claim for contractual indemnity in this matter.

First, the Court finds that the subject Indemnity Agreement [77-1] is a valid, binding, and enforceable agreement. The Agreement has been incorporated into a state court judgment in California and Patrick Nelson does not contest the underlying validity of the Agreement. Patrick's sole argument in opposition is that Brian is not entitled to the benefit of contractual indemnity because Brian violated a separate Non-Disparagement Agreement [Doc. 80-3, at pp. 19-20] that the brothers entered into in 2019. The Court finds, however, that even if a violation of the Non-Disparagement Agreement would render Brian Nelson legally unable to enforce the subject Indemnity Agreement, the statements attributed to him do not constitute disparaging comments. The three comments which can be legally and factually attributed to Brian Nelson – "I haven't spoken to my brother in three years," "I may never speak to him again," and "I don't understand all the animosity [between us]" are neutral at best and in the opinion of the Court do not constitute negative statements to a third party of the sort that constitute disparagement under the subject

8

Agreement.[2] Accordingly, because Patrick Nelson does not otherwise contest the enforceability of the subject Indemnity Agreement, the Court finds that Brian Nelson is entitled to contractual indemnity in this matter and is thus entitled to reimbursement from Patrick Nelson for the fees, costs, and expenses that have been incurred and will be incurred in the future by Brian Nelson in connection with this litigation. Patrick Nelson does not contest the amount of damages that Brian Nelson asserts he has incurred in defending this matter through July 25, 2022, an amount which Brian asserts is at least $89,687.95. Accordingly, the Court holds that Brian Nelson is entitled to indemnity against Patrick Nelson in this matter in relation to all court costs, attorneys' fees, expert witness fees, and expenses paid or incurred. The Court further finds that Brian Nelson is entitled to indemnity against Patrick Nelson for the amount of any final judgment that is entered against the Defendants in this matter with respect to the Plaintiff's claims.[3]

In sum, regarding Patrick Nelson's motion for partial summary judgment, the Court finds that the subject Hold Harmless & Indemnity Agreement is valid and binding; and Patrick Nelson is required to indemnify and hold Brian Nelson harmless from any and all obligations arising out of or relating to this litigation, including attorneys' fees, costs, and any judgment entered in favor of the Plaintiff.

### IV. Conclusion

In sum, for all of the foregoing reasons, the Court finds that the Plaintiff is entitled to judgment as a matter of law as to liability on its claim for breach of guaranty against the

---

[2] Under the subject Agreement, "disparagement" is defined as "any negative comment, statement, email, text or other means of communication ... to any third party." [80-3, at p. 19]. "Negative" is defined as "any comment, statement, email, text or other means of communication ... designed to cause another person or entity to change their view, opinion, or relationship with the party who is the subject of the Disparagement." [80-3, at p. 19]. Here, the subject statements attributed to Brian Nelson simply do not rise to this level.

[3] Given the Court's ruling on Brian Nelson's claim for contractual indemnity, his claim for equitable indemnity is not addressed by the Court because it is duplicative.

Defendants. The Plaintiff's Motion for Partial Summary Judgment [Doc. No. 75] shall, therefore, be granted. The Court further finds that the Cross-Complainant Brian Nelson's Motion for Partial Summary Judgment [73] as to the Cross-Complaint against Patrick Nelson is granted as described above, and Brian Nelson is entitled to indemnity against Patrick Nelson in this matter.

Further, the Court grants the Plaintiff's request to conduct a hearing on damages, relative to which the parties may submit additional evidence regarding the amount of damages the Plaintiff is owed by the Defendants and the amount of indemnity the Defendant Brian Nelson is owed by the Defendant Patrick Nelson. The Court shall issue a forthcoming notice formally setting the hearing date on damages.

An order in accordance with this opinion shall issue this day.

THIS, the 27th day of September, 2022.

_____
SENIOR U.S. DISTRICT JUDGE