UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

| | |
|---|---|
| NORTH AMERICAN SAVINGS BANK, F.S.B., *Plaintiff*, <br><br> v. <br><br> PATRICK NELSON AND BRIAN NELSON, *Defendants.* <br><br><br> BRIAN NELSON, *Cross-Complainant*, <br><br> v. <br><br> PATRICK NELSON, *Cross-Defendant*. | Case No. 3:21cv184-GHD-RP |

___

MEMORANDUM OPINION DETERMINING PLAINTIFF'S DAMAGES AND GRANTING CROSS-COMPLAINANT BRIAN NELSON'S MOTION TO SUPPLEMENT FEES AND COSTS
___

Presently before the Court is the Cross-Complainant Brian Nelson's motion to supplement fees and costs [98]. The Court shall also herein address the amount of damages to which the Plaintiff is entitled. A separate judgment shall follow.

On April 17, 2023, following the Court's previous entry of summary judgment on liability [89, 90] in the Plaintiff North American Savings Bank, F.S.B. ("NASB")'s favor, the Court conducted an evidentiary hearing regarding the amount of damages to which the Plaintiff is entitled. Prior to the hearing, the Cross-Complainant Brian Nelson filed an unopposed motion [98] to supplement the fees, costs, and indemnification award the Court previous awarded him with respect to the Cross-Defendant Patrick Nelson [89, 90]. During the April 17th hearing, the parties agreed to brief two issues that were raised during the hearing: (1) whether the Plaintiff is legally obligated to give the Defendants

credit for amounts received beyond the credit bid received at the foreclosure sale (i.e., whether the Plaintiff's damages should be reduced by any such amount), and (2) whether interest accrues at the federal post-judgment interest rate beginning on the date the Court entered summary judgment or whether the contract interest rate applies from that date until the date the Court enters final judgment in this action.

First, the Court shall consider the Defendants' request that the Plaintiff's damages be reduced by as much as $2.6 million based on the post-foreclosure sale of the subject property.

As the Court has previously recounted in detail, in 2015 the Defendants executed an Indemnity and Guaranty Agreement guaranteeing a loan in the amount of $13,000,000 that was secured by a 7.362 acre property in Lafayette County known as Taylor Bend Apartments. [Doc. 89 at p. 2]. After the loan was declared to be in default in May of 2021, the Plaintiff in October 2021 conducted a foreclosure sale of the Taylor Bend property, selling the property to Nor-Am Service Corporation for $8,000,000, and thereby reducing the liability of the Defendants by the same amount. The property was subsequently sold by Nor-Am to Kirkland Properties for $10.6 million. The Defendants argue that the Plaintiff's damages should be reduced by up to $2.6 million given the subsequent sale of the Taylor Bend property.

Mississippi courts have rejected the Defendants' argument and have made clear that the relief that the Defendants seek is not extended to loan guarantors. See *Bosarge v. LWC MS Props., LLC*, 158 So. 3d 1137, 1143 n.5 (Miss. 2015); *Kirby v. Bancorpsouth Bank*, 211 So. 3d 704 (Miss. Ct. App. 2016); *Wills v. Bank of Miss.*, No. 94-CA-00803-COA, 1997 WL 191216 (Miss. Ct. App. Mar. 11, 1997). While the Defendants argue that the subsequent resale of the property permits a "windfall" to accrue to the Plaintiff, the Defendants cite no cases holding that any "windfall" from the resale of a foreclosed property should accrue to the guarantor of a loan on the property that was subject to resale.

In fact, the Plaintiff was not required to foreclose on the subject property at all and could have instead simply have filed suit regarding the loan and released the property, without resorting to foreclosure and reducing the amount of the loan's outstanding balance, thereby subjecting the Defendants to liability for the entire unpaid portion of the loan. Miss. Code Ann. § 75-9-601 (a)(1) (Rev. 2016); *Devine v. Cardinal Health 110, LLC*, 350 So. 3d 1107, 1114 (Miss. Ct. App. 2022).

In sum, all that was required of the Plaintiff, given that the Plaintiff chose to foreclose on the property, was to give the Defendants credit for the price paid at the foreclosure sale. The Plaintiff did so. The Defendants' argument that they are entitled to a reduction in the amount of damages because the property was subsequently resold is not supported by Mississippi law and is without merit.

Secondly, the Defendants argue that the federal post-judgment rate of interest, which is governed by 28 U.S.C. § 1961, began to accrue on the date that the Court entered its opinion on summary judgment (September 27, 2022), rather than on the date the Court enters final judgment in this matter. The Plaintiff argues that the parties' contract default rate of interest, which at 9.2% is higher than the current 4.75% federal post-judgment rate, applies until the date that the Court enters a final judgment in this matter.

28 U.S.C. § 1961(a) provides that "[i]nterest shall be allowed on any money judgment in a civil case recovered in a district court." Federal courts have made clear that the federal post-judgment interest rate does not begin to accrue until a final judgment is entered, which has not yet occurred in this case. *Kaiser Aluminum & Chem. Corp. v. Bonjorno*, 494 U.S. 827, 836 (1990); *Harvey v. Caesars Entm't Operating Co.*, 790 Fed. Appx. 582, 594 (5th Cir. 2019) (post-judgment interest begins to accrue once "final judgment" is entered.).

Here, the parties clearly contracted for a default rate of interest that the Court finds accrues from the date of default until the date the Court enters a final judgment in this matter, at which time

3

the federal post-judgment rate, and not the parties' default rate, shall begin to accrue. *See* Doc. No. 109-2, Loan Agreement, at pp. 81-82, para. 4.2. The Defendants' argument that the date the Court entered summary judgment qualifies as the date of final judgment, despite the Court clearly indicating in that ruling that a damages hearing would be subsequently scheduled prior to the entry of judgment, is without merit, as is the Defendants' follow-on argument that the Plaintiff is seeking to contract around the federal post-judgment interest rate and to have the default rate applied post-judgment.

Finally, the Cross-Complainant Brian Nelson has filed an unopposed motion [98] to supplement the fees, costs, and award provided him by the Court in its Order [90] awarding him indemnity against Patrick Nelson. The Court has reviewed the unopposed motion and proposed judgment as to Brian's Cross-Claim versus Patrick, and finds that the motion should be granted and final judgment entered on the cross-claim.

In sum, given all of the foregoing and the evidence presented at the April 17, 2023, damages hearing conducted by the Court, the Court finds that a judgment in favor of the Plaintiff NASB and against the Defendants Patrick and Brian Nelson in the amount of $5,621,667.17 as of April 17, 2023, plus additional pre-judgment interest at the parties' contract default rate of 9.2% (*i.e.*, $1,112.83 per day), which brings the current total judgment to $5,669,518.86, shall be entered this date. Post-judgment interest at the federal statutory rate pursuant to 28 U.S.C. § 1961, along with costs, shall also be awarded to the Plaintiff against the Defendants. In addition, judgment on Brian Nelson's Cross-Claim against Patrick Nelson shall be entered stating that (1) the Indemnity and Hold Harmless Agreement [Doc. 77-1] executed by Brian Nelson and Patrick Nelson is valid and binding; (2) Brian Nelson is entitled to contractual indemnity under the Agreement for all litigation costs he has incurred in connection with this matter; (3) Brian Nelson is awarded a judgment against Patrick Nelson for the full amount of the Court's above judgment against the Defendants in favor of the Plaintiff NASB;

and (4) Brian Nelson is awarded a judgment against Patrick Nelson in the amount of $142,673.00 plus costs from February 2, 2023, pre-judgment interest in the amount of $9,729.00 plus pre-judgment interest at a rate of 10% per annum on any additional litigation costs that Brian Nelson incurred from and after February 2, 2023, and post-judgment interest at the statutory rate pursuant to 28 U.S.C. § 1961.

Separate judgments in favor of the Plaintiff NASB against the Defendants, and in favor of Brian Nelson against Patrick Nelson shall issue this day.

SO ORDERED, on this the ___31st___ day of May, 2023.

_____
SENIOR U.S. DISTRICT JUDGE