# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# OXFORD DIVISION

| | |
|---|---|
| **NORTH AMERICAN SAVINGS BANK, F.S.B.** | **PLAINTIFF** |
| v. | **CIVIL ACTION NO. 3:21-CV-00184-GHD-RP** |
| **PATRICK NELSON and** | |
| **BRIAN NELSON** | **DEFENDANTS** |
| \*\*\* | |
| **BRIAN NELSON** | **CROSS CLAIMANT** |
| v. | |
| **PATRICK NELSON** | **CROSS DEFENDANT** |

## ORDER GRANTING PLAINTIFF'S MOTION FOR ATTORNEYS' FEES

Presently before the Court is the Plaintiff North American Savings Bank, F.S.B.'s ("NASB") Motion for Attorneys' Fees [117] seeking both attorneys' fees and expenses against Defendants Patrick Nelson and Brian Nelson. The Defendants have not responded in opposition to the present motion. The Court, upon due consideration, for the reasons set forth herein and having considered the memoranda and submissions of the Plaintiff hereby grants Plaintiff's Motion for Attorneys' Fees.

On May 31, 2023, this Court entered a Judgment in the amount of $5,669,518.86 plus post-judgment interest, along with costs, in favor of NASB against Defendants Patrick Nelson and Brian Nelson following the Court's rulings which held both that the Defendants were liable to NASB for breach of guaranty and that the indemnity and hold harmless agreement between the Defendants was valid and binding, thus entitling Brian Nelson to indemnity from Patrick Nelson for costs in this matter.

1

Plaintiff NASB was the prevailing party in this action following the Court's Judgments [115, 116] and now files this motion for attorneys' fees and costs requesting fees in the amount of $213,284.00 and costs in the amount of $7,698.44. The requested fees are divided between two separate actions, the present matter of 3:21cv184 and the related bankruptcy matter of Case No. 21-11468-JDW; the requested fees and costs in this action are $168,551.00 in fees $6,315.54 in costs, and the requested fees in the related bankruptcy proceeding are $44,733.00 with the costs being $1,382.90.

Defendants filed a notice of appeal [120] on June 30, 2023. The filing of a notice of appeal does not divest the district court of jurisdiction over NASB's Motion for Attorneys' Fees. See *Procter & Gamble Co. v. Amway Corp.*, 280 F.3d 519, 524–25 (5th Cir. 2002); *Kira, Inc. v. All Star Maint., Inc.*, 294 Fed.Appx. 139, 141 (5th Cir. 2008). A district court retains plenary authority to award attorneys' fees and costs pursuant to a motion filed within fourteen days of entry of judgment. FED. R. CIV. P. 54(d)(2)(B)(i).

Currently relevant to this motion is the indemnity and guaranty (the "Guaranty") agreement executed by the Defendants. The Guaranty provides that:

> 5. General Provisions. ... (n) Attorneys' Fees. In the event it is necessary for Lender to retain the services of an attorney or any other consultants or to incur any other costs or expenses in order to enforce this Agreement, or any portion thereof, to collect any or all of the Guaranteed Costs or to obtain advice of an attorney or other consultant for any other cause or circumstance arising under.

[117 - Exhibit A]. The underlying loan agreement and deed of trust contain similar provisions entitling NASB to attorneys' fees and costs in the event that NASB is required to retain services of an attorney to enforce the agreement.

In a collection action such as this, under Mississippi Law, "there is a presumption in a collection suit in favor of awarding fees in the amount of one-third of the indebtedness." *Estate of*

2

*Baxter v. Shaw Assocs., Inc.*, 797 So. 2d 396, 407 (Miss. Ct. App. 2001) (citing *DynaSteel Corp. v. Aztec Indus., Inc.*, 611 So. 2d 977, 987 (Miss. 1992)); see also *Cox v. Howard, Weil, Labouissee, Friedrichs, Inc.*, 619 So. 2d 908 (Miss. 1993). "In awarding attorney's fees in a collection action, the court substitutes the lodestar amount for one-third of the indebtedness because that amount is a presumptively reasonable fee." *In re Staten*, 559 B.R. at n. 8 (citing *Dynasteel Corp.* 611 So. 2d at 986 (Miss. 1992)). When doing so, the Court does not require proof of each of the *McKee* factors traditionally required to establish reasonableness. *Par Indus., Inc. v. Target Container Co.*, 708 So. 2d 44, 54 (Miss. 1998) (citing *Dynasteel*, 611 So. 2d at 987.), *McKee v. McKee*, 418 So. 2d 764, 767 (Miss. 1982).

The one-third presumption is rebuttable, and the reasonableness of the award may be impacted by the *McKee* factors:

> 1. The time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly;
> 2. The likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer;
> 3. The fee customarily charged in the locality for similar legal services;
> 4. The amount involved and the results obtained;
> 5. The time limitations imposed by the client or by the circumstances;
> 6. The nature and length of the professional relationship with the client;
> 7. The experience, reputation and ability of the lawyer or lawyers performing the services; and
> 8. Whether the fee is fixed or contingent.

*Dynasteel Corp. v. Aztec Industries, Inc.*, 611 So. 2d 977, 986-87 (Miss. 1992).

Even awards lesser than one-third of the indebtedness must be based on credible evidence and supported with factual determinations. *Young v. Huron Smith Oil Co., Inc.*, 564 So.2d 36, 40 (Miss. 1990). Under Mississippi law, this Court is permitted to render an award of attorneys' fees "based on the information before it even if plaintiff had not put on any proof of the reasonableness

of its fees[,]" as long as substantial evidence exists in the record that would support an award. *Regions Bank v. Victory Pipeline*, LLC, 2021 WL 5053480, at *5 (S.D. Miss. Sept. 21, 2021).

Plaintiff NASB has submitted affidavits to support the reasonableness of the fees and an itemized listing of its billing record for this matter. NASB's submissions further demonstrate that the hourly rates were reasonable and comparable to rates for similar services in the Northern District of Mississippi. The submissions further outline the background and experience of the attorneys involved in this matter. Also, the attorneys' fees and costs requested in this case are far below one-third of the indebtedness owed, which can be used as a presumptively reasonable fee. Lastly, and importantly, the Defendants have not contested the requested award of attorneys' fees and costs, nor the reasonableness of the fees and costs requested.

However, NASB in their request for attorneys' fees and costs has requested fees and costs regarding Case No. 21-11468-JDW in the United States Bankruptcy Court for the Northern District of Mississippi. "Bankruptcy courts and district courts have broad discretion in determining the amount of attorneys' fees to award as compensation for services performed in connection with bankruptcy proceedings." *In re First Colonial Corp. of America*, 544 F.2d 1291, 1298 (5th Cir.1977). Even if no objections are raised to a fee application, the Court is not bound to award the fees sought, and it has the duty to independently examine the reasonableness of the fees. *In re NRG Resources, Inc.*, 64 B.R. 643, 650 (Bankr.W.D.La.1986). The Fifth Circuit has outlined that the Court must consider the following factors before awarding an attorney's fee:

> (1) The time and labor required; (2) The novelty and difficulty of the questions; (3) The skill requisite to perform the legal service properly; (4) The preclusion of other employment by the attorney due to acceptance of the case; (5) The customary fee; (6) Whether the fee is fixed or contingent; (7) Time limitations imposed by the client or other circumstances; (8) The amount involved and the results obtained; (9) The experience, reputation, and ability of the attorneys; (10) The "undesirability" of the case; (11) The nature and length of the professional relationship with the client; (12) Awards in similar cases.

4

*In re First Colonial Corp.*, 544 F.2d at 1298-99 (quoting *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974).

NASB has provided affidavits demonstrating the following: the time committed to this matter, the successful outcome of the case, the preclusion of obtaining other employment, detailed billing records, and the reasonableness of the fees.

The Court, having considered the motion, all factors outlined above for this matter and the accompanying bankruptcy matter, the submissions of NASB, and the lack of opposition from the Defendants, finds that NASB's motion for attorneys' fees is well taken and should be granted.

For the reasons set forth above, NASB's motion for attorneys' fees [117] is GRANTED, and it should recover attorneys' fees in the amount of $213,284.00 and expenses in the amount of $7,698.44 as submitted.

SO ORDERED, this the ____ day of December, 2023.

_____
SENIOR U.S. DISTRICT JUDGE